IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM T. WULIGER, Receiver,

                Plaintiff,                Case No. 3:02 CV 2160

-vs-

                                          O  R  D  E  R

KEYBANK NATIONAL ASSOCIATION,

                Defendant.

KATZ, J.

This matter is before the Court on Defendant's objection to the disclosure of confidential information to Terence J. O'Brien ("O'Brien") by the Receiver according to the terms of the Stipulated Protective Order (Doc. No. 96), ¶ 5(e). Also before the Court is the Receiver's response (Doc. No. 107), Defendant's reply (Doc. No. 114), Defendant's supplemental memorandum in support of its objection (Doc. No. 123), and the Receivers' response (Doc. No. 125) thereto.

The Defendant objects to disclosure on the basis that O'Brien is or has been engaged as a contractor for a "direct competitor" of Defendant KeyBank and that disclosure of KeyBank's confidential information has the potential for disclosure to other competitors, thereby posing harm to KeyBank. For its part, the Receiver contends that KeyBank's position on the potential misuse by O'Brien of the information is merely speculative given the type of information and its age as related to this litigation.

The Court has reviewed the submissions and upon consideration of the arguments and, review of the pertinent case law finds the Defendant's objections not well taken.   An expert gains his expertise by accumulating knowledge in his area of speciality oftentimes through service to competing entities.  O'Brien's standing in the banking community would be destroyed if he violated the confidences and no basis exists to support the proposition that O'Brien has the propensity to violate the present protective order.

Additionally, the age of the information involved here is some six years old; therefore, it does not appear to this Court to be the kind of information which could be used to favor or gain a competitive advantage in this situation.  The case relied upon by Defendant, *Mid-Atlantic Equipment Corp. v. Cape Country Club, Inc.,* 1997 WL 535156 (E.D. Pa. 1997), is distinguishable since that case involved exchange of *current* confidential information to a direct competitor's employee.  The case *sub judice* involves a contractor who would be assessing information which is six years old, all under the confines of a protective order approved by the Court.   As O'Brien has agreed to be bound by the terms of the aforementioned protective order and in the absence of evidence which would lead this Court to conclude such an agreement would be violated, Defendant KeyBank's objection under ¶ 5(e) of the Stipulated Protective Order is denied.

IT IS SO ORDERED.

       s/ *David A. Katz*
       DAVID A. KATZ
       SENIOR U. S. DISTRICT JUDGE